IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
(SOUTHERN DIVISION)

| | |
|---|---|
| ALLIED WORLD INSURANCE COMPANY | ) |
| PLAINTIFF, | ) Civil Action No. 1:19-cv-424 |
| v. | ) |
| PROFESSIONAL RESOURCE MANAGEMENT OF WIREGRASS, L.L.C., SHAKIR MEGHANI, AND JEFFREY TODD NORRIS | ) |
| DEFENDANTS. | ) |

## COMPLAINT FOR RESCISSION AND RECOUPMENT

Plaintiff, Allied World Insurance Company ("Allied World"), by undersigned counsel, sues Defendants Professional Resource Management of Wiregrass, L.L.C. ("PRM"), Shakir Meghani, and Jeffrey T. Norris (together, the "Insureds") and alleges as follows:

### INTRODUCTION AND NATURE OF THE CASE

Allied World seeks judicial confirmation of its rescission of a professional liability insurance policy it issued to the Insureds. When applying for the policy, Defendants Meghani and Norris knew that the Alabama Board of Medical Examiners (the "Board") was investigating them in connection with a complaint that their unlawful overprescribing of medication resulted in the overdose death of their patient. But neither Defendant informed Allied World of the investigation or the allegations that they were running a pill mill (or, as the complainant called it, a "drug house") before the policy incepted.

As a result of the investigation, the Board and Medical Licensure Commission of Alabama (the "Commission") initiated proceedings to revoke Dr. Meghani's medical and controlled substances licenses and Mr. Norris' physician assistant license. Allied World is defending the

Insureds in the three licensing proceedings pending the outcome of this matter and requests an order that it is entitled to recoup all fees and costs it incurs defending these actions under the Policy.

## THE PARTIES

1. Allied World is a corporation organized and existing under the laws of New Hampshire with its principal place of business located in New York.

2. PRM is a limited liability company organized and existing under the laws of the State of Alabama with its principal place of business in Dothan, Alabama. PRM's sole member is Defendant Shakir Meghani.

3. Shakir Meghani is a natural person who is a citizen of and resides in Alabama.

4. Jefferey T. Norris is a natural person who is a citizen of and resides in Alabama.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this matter in accordance with 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest, attorneys' fees, and costs since the at-issue insurance policy has a $1 million per claim and $3 million aggregate limit of liability and $50,000 per proceeding limit of liability, and Allied World is currently defending three proceedings against the Insureds.

6. This Court has personal jurisdiction over the Defendants because they are an Alabama limited liability company with its principal place of business in Alabama and individuals who are citizens of Alabama that all engage in substantial activities within this State.

7. Venue is proper in the United States District Court for the Middle District, Southern Division, of Alabama, because the Policy was issued and delivered in this District and Division

and a substantial portion of the facts, circumstances, and events at issue in this matter, took place in this District.

## FACTS COMMON TO ALL COUNTS

### I. The Alabama Board of Medical Examiners Begins Its Investigation of Dr. Meghani and Mr. Norris

8. On or about March 23, 2018, Mike Baxley filed a complaint with the Board concerning the death of his wife, Cindy Baxley, who was under the care of PRM, Dr. Meghani, and Mr. Norris.

9. Mr. Baxley alleged that his wife's August 9, 2017 death of a cardiopulmonary respiratory arrest was caused by an overdose of prescription pain medication and attached a Certificate of Death reflecting that "possible polypharmacy overdose" was a "significant condition" that contributed to Ms. Baxley's death.

10. Mr. Baxley's complaint stated that "[t]hey don't counsel the people they just write them prescription[.] It's just a drug house."

11. By letter dated June 12, 2018, the Board provided Dr. Meghani with a copy of Mr. Baxley's complaint and advised that it was investigating Mr. Baxley's complaint against him and Mr. Norris.

12. The next day, via the issuance of an Investigative Subpoena Duces Tecum dated June 13, 2018, the Board instructed Dr. Meghani to produce Ms. Baxley's medical records *and* the medical records for *nine other patients* that the Board had identified based on a review of Dr. Meghani's prescribing history in the Prescription Drug Monitoring database.

13. On June 14, 2018, Dr. Meghani signed a "Notice of Investigation" acknowledging that he is under investigation and will remain under investigation until he is "notified by the Board of any disposition of the investigation."

3

14. By letter dated June 20, 2018, Dr. Meghani responded on behalf of himself and Mr. Norris to the Board's subpoena by sending the requested medical records and providing a brief synopsis of the care and treatment of each patient.

15. Mr. Norris also signed this June 20, 2018 letter that was sent to the Board.

## II. While the Investigation is Ongoing, Dr. Meghani Renews His Insurance Coverage

16. On July 2, 2018, American Professional Agency—the Policy's underwriter—received a renewal application for Psychiatrists' Professional and Business Liability Insurance Coverage (the "Renewal Application").

17. Despite not being provided until July 2, 2018, the Renewal Application indicates that it was signed on April 6, 2018.

18. A true and correct copy of the Renewal Application, with premium information on page one redacted, is attached as Exhibit A.

19. Among other questions and as pertinent to this lawsuit, the Renewal Application contains the following questions on pages 6–7:

### IV. REPRESENTATIONS

. . .

14c. Are there any complaints, charges or investigations pending against any person named in Question 8, including yourself, by a licensing board or professional ethics body for violation of ethics codes, professional misconduct, unprofessional conduct, incompetence or negligence in any state or country?

If yes, please give full particulars and copies of charges, correspondence, and any findings in order for your Application to be considered.

. . .

14f. Are there any circumstances, including any loss of private or confidential information, of which any person named in Question 8, including yourself, is aware of that may result in any professional liability claim or suit being made against any person named in question 8, including yourself, their predecessors in business or against any past or present partner(s)?

If yes, please give full particulars in order for your application to be considered.

20. Dr. Meghani answered "No" to Questions 14c. and 14f. He did not provide *any* information concerning the Board's ongoing investigation or its underlying allegations that Dr. Meghani and Mr. Norris were running a "drug house," that one patient had died and her widower had filed a Board complaint, and that the Board was investigating not only the care provided to that single patient but also nine others that it had identified through a review of Dr. Meghani's prescribing history.

21. Directly below those Questions, the Renewal Application provides:

### V. NOTICES TO APPLICANTS & FRAUD WARNINGS

The undersigned, as authorized agent of all individuals and entities proposed for this insurance, represents that, to the best of his/her knowledge and belief, after diligent inquiry, the statements in this Application and any attachments or information submitted to or obtained by the Insurer in connection with this Application (together referred to as the "Application") are true and complete.

The information in this Application is material to the risk accepted by [Allied World]. If a policy is issued it will be in reliance by [Allied World] upon the Application, and the Application will be the basis of the contract. The Application is on file with [Allied Word], and shall be deemed to be attached to, and made a part of, and incorporated into the Policy, if issued.

[Allied World] is authorized to make any inquiry in connection with this Application. [Allied World's] acceptance of this Application or the making of any subsequent inquiry does not bind the Applicant or [Allied World] to complete the insurance or issue a policy.

If the information in this Application materially changes prior to the effective date of the Policy, the Applicant will immediately notify [Allied World] and [Allied World] may modify or withdraw any quotation or agreement to bind insurance.

NOTICE TO ALABAMA APPLICANTS: "ANY PERSON WHO KNOWINGLY PRESENTS A FALSE OR FRAUDULENT CLAIM FOR PAYMENT OF A LOSS OR BENEFIT, OR KNOWINGLY PRESENTS FALSE INFORMATION IN AN APPLICATION FOR INSURANCE IS GUILTY OF A CRIME AND MAY BE SUBJECT TO RESTITUTION FINES OR CONFINEMENT IN PRISON, OR ANY COMBINATION THEREOF."

22. Even if the Renewal Application was completed in April, Dr. Meghani had ample time prior to its submission on July 2 and the July 14 effective date of the Policy to comply with the obligation to immediately update the information in the Renewal Application to disclose the Board's ongoing investigation and its underlying allegations.

### III. The Policy

23. Allied World issued a renewal Claims-Made Psychiatrists' Professional and Business Liability Policy bearing Policy Number 0001-7440 to the Insureds for the July 14, 2018 to July 14, 2019 policy period (the "Policy").

24. A true and correct copy of the Policy, with premium information on the Declarations Page redacted, is attached as Exhibit B.

25. The first page of the Policy's coverage form provides in pertinent part:

In consideration of the payment of the premium *and in reliance upon the application submitted in connection with the underwriting of this Policy*, which shall be deemed to be attached to, incorporated into, and made a part of this Policy, [Allied World] and [PRM], on behalf of all **Insureds**,[1] agree as follows . . . . (italics added for emphasis)

26. Section X. (Representations) of the Policy further provides:

By accepting this Policy, the **Insured** agrees that the particulars and statements in the application submitted in connection with the underwriting of this Policy are true and that they are the **Insured's** agreements and representations.

The **Insured** acknowledges that this Policy is issued in reliance upon the truth of those particulars and statements, which are deemed to be incorporated into and constitute a part of this Policy and which are the basis for this Policy.

27. Allied World issued the Policy in reliance on the truth of the answers and responses by Dr. Meghani in the Renewal Application.

---

[1] Terms in bold are defined in the Policy.

6

### IV. The Board and Commission Take Action Against the Insureds

28. There are currently two administrative actions pending against Dr. Meghani and one administrative action pending against Mr. Norris (the "Administrative Actions").

29. First, on April 1, 2019, the Board filed an Order to Show Cause (bearing Case No. 2019-04) against Dr. Meghani seeking the revocation of his Alabama Controlled Substances Certificate.

30. Second, on or about April 11, 2019, the Board filed an Administrative Complaint with the Commission bearing Case No. 19-062 seeking the revocation of Dr. Meghani's license to practice medicine in Alabama.

31. Third, on or about April 1, 2019, the Board filed an Order to Show Cause (bearing Case No. 2019-05) against Mr. Norris seeking the revocation of Mr. Norris' physician assistant license and his Qualified Alabama Controlled Substances Certificate.

### V. The Insureds Tender the Administrative Actions to Allied World Which Learns of the Material Misrepresentations in the Renewal Application and Rescinds the Policy

32. The Insureds tendered the Administrative Actions to Allied World for a defense under the Policy.

33. During its investigation of the Administrate Actions, Allied World first discovered the material misrepresentations in the Renewal Application (*i.e.*, the failure to disclose the Board's investigation and that a widower was alleging that Dr. Meghani's care caused the death of his wife) and rescinded the Policy.

34. Although Allied World has explained why the Renewal Application contains misrepresentations, the Insureds maintain that they did not make any misrepresentations.

35. In light of that denial, Allied World has agreed to continue to furnish the Insureds with a defense of the Administrative Actions under the Policy, subject to a reservation of rights.

7

## COUNT I – RESCISSION OF THE POLICY
## (DECLARATION THAT THE POLICY IS VOID *AB INITIO* DUE TO THE MISREPRESENTATION IN RENEWAL APPLICATION QUESTION NO. 14.c)

36.    Allied World incorporates the allegations in paragraphs 1 through 35.

37.    The Policy was issued by Allied World to the Insureds in Alabama and is subject to Alabama law.

38.    Under Alabama Code § 27-14-7, an insurer may rescind an insurance policy when the insured has made material misrepresentations or omissions or concealed facts in an application, which affected the insurer's decision to issue the policy, the amount of the coverage provided, or the amount of the premium.

39.    In response to Renewal Application Question Number 14.c. Dr. Meghani, on behalf of the Insureds, misrepresented that there were no complaints, charges or investigations pending against him or Mr. Norris by a licensing board or professional ethics body for violation of ethics codes, professional misconduct, unprofessional conduct, incompetence or negligence in Alabama.

40.    This misrepresentation was material to Allied World's acceptance of the risk in that it affected Allied World's decision to issue the Policy, the amount of the coverage provided, or the amount of the premium it charged.

41.    Had the Insureds provided Allied World with the true facts, including all information related to the Board's ongoing investigation, Allied World would not have issued the Policy or would have issued the Policy upon different terms.

42.    As a result of Allied World's justifiable reliance on the Insureds' misrepresentations and/or omissions of material fact, Allied World has been and continues to be injured because it has and continues to provide the Insureds with a defense under the Policy in connection with the Administrative Actions.

43. To effectuate rescission of the Policy, Allied World will be tendering to the Insureds the premium paid for the Policy.

44. Allied World promptly rescinded the Policy and filed this action upon learning of the Insureds' misrepresentations.

45. The Policy is void *ab initio* and Allied World is entitled to an order confirming its rescission of the Policy.

### COUNT II – RESCISSION OF THE POLICY
### (DECLARATION THAT THE POLICY IS VOID *AB INITIO* DUE TO THE MISREPRESENTATION IN POLICY APPLICATION QUESTION NO. 14.f)

46. Allied World incorporates the allegations in paragraphs 1 through 35.

47. The Policy was issued by Allied World to the Insureds in Alabama and is subject to Alabama law.

48. Under Alabama Code § 27-14-7, an insurer may rescind an insurance policy when the insured has made material misrepresentations or omissions or concealed facts in an application, which affected the insurer's decision to issue the policy, the amount of the coverage provided or the amount of the premiums.

49. In response to Renewal Application Question Number 14.f. Dr. Meghani, on behalf of the Insureds, misrepresented that there was no circumstance of which any Insured, including himself, was aware of that may result in any professional liability claim or suit being made against any Insured, including himself.

50. This misrepresentation was material to Allied World's acceptance of the risk in that it affected Allied World's decision to issue the Policy, the amount of the coverage provided, or the amount of the premium it charged.

51. Had the Insureds provided Allied World with the true facts, including that a complainant was alleging that the Insureds' overprescribing of his wife led to her death and that

the Board was investigating Dr. Meghani's and Mr. Norris' prescribing practices associated with at least nine other patients, Allied World would not have issued the Policy or would have issued the Policy upon different terms.

52. As a result of Allied World's justifiable reliance on the Insureds' misrepresentations and/or omissions of material fact, Allied World has been and continues to be injured because it has and continues to provide the Insureds with a defense under the Policy in connection with the Administrative Actions.

53. To effectuate rescission of the Policy, Allied World will be tendering to the Insureds the premium paid for the Policy.

54. Allied World promptly rescinded the Policy and filed this action upon learning of the Insureds' misrepresentations.

55. The Policy is void *ab initio* and Allied World is entitled to an order confirming its rescission of the Policy.

### COUNT III – RECOUPMENT OF DEFENSE COSTS
### (DECLARATION THAT ALLIED WORLD IS ENTITLED TO REIMBURSEMENT OF ITS COSTS DEFENDING THE INSUREDS IN THE ADMINISTRATIVE ACTIONS)

56. Allied World incorporates the allegations in paragraphs 1 through 35.

57. The Policy was issued by Allied World to the Insureds in Alabama and is subject to Alabama law.

58. Allied World has incurred and will continue to incur expenses on behalf of the Insureds under the Policy, including the Insureds' defense of the Administrative Actions, and may incur other liabilities under the Policy until judicial confirmation of its rescission.

59. Allied World has notified the Insureds of and reserved its right to seek reimbursement of the sums it expends in the Insureds' defense of the Administrative Actions and

seeks reimbursement of those sums as well as any other sums it may expend on the Insureds' behalf under the Policy.

60. Parties to a rescinded contract are entitled to be returned to the *status quo ante*. Allied World is entitled to be reimbursed by the Insureds for the sums that Allied World pays on their behalf prior to this Court's order confirming Allied World's rescission of the Policy.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Allied World Insurance Company respectfully prays for judgment against the Defendants as follows and that this Court declare that:

A. On Count I, that the Policy is void *ab initio* due to a material misrepresentation and that, therefore, Allied World properly rescinded the Policy;

B. On Count II, that the Policy is void *ab initio* due to a material misrepresentation and that, therefore, Allied World properly rescinded the Policy;

C. On Count III, reimbursement from the Defendants for all costs and expenses paid by Allied World on their behalf under the Policy, including all sums paid to defend the Insureds against the Administrative Actions from the tender of those actions to Allied World to the date of the order confirming Allied World's rescission of the Policy;

D. Allied World is entitled to its attorney's fees, costs, and expenses for this suit; and

E. For all other relief as this Court deems proper and just.

Dated: June 17, 2019

Respectfully submitted,

/s/ *Jennifer W. Wall*
E. Britton Monroe
Jennifer W. Wall
Lloyd, Gray, Whitehead & Monroe PC
880 Montclair Road, Suite 100
Birmingham, AL 35213
bmonroe@lgwpc.com
jwall@lgwmlaw.com
(205) 967-8822


Charles A. Jones
(*Pro Hac Vice* to be filed)
Jordan M. Rubinstein
(*Pro Hac Vice* to be filed)
James H. Geiser
(*Pro Hac Vice* to be filed)
Troutman Sanders LLP
401 9th Street NW #1000
Washington, DC 20004
Tony.Jones@troutman.com
Jordan.Rubinstein@troutman.com
James.Geiser@troutman.com
(202) 274-2950

*Attorneys for Plaintiff Allied World Insurance Company*

Please serve Defendants as follows:

Professional Resource Management of Wiregrass, LLC by Agent of Service, Shakir Meghani

1841 Honeysuckle Rd

Dothan, AL 36305


Shakir Meghani, M.D.

1841 Honeysuckle Rd

Dothan, AL 36305


Jeffrey T. Norris, P.A.

1118 Ross Clark Circle

Suite 301

Dothan, AL 36301